■ JOSEPH CONROY, Respondent, v INTERNATIONAL TERMINAL OPERATING Co., INC., Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Cooper, J.), entered July 2, 1981, which denied its motion to dismiss the complaint on the ground of lack of personal jurisdiction. Order affirmed, with costs. The record establishes that the process server delivered the summons to

the acting receptionist for the defendant corporation who, within one minute thereafter, delivered it to her "boss" — one authorized to accept service — who was sitting in his office two feet away from the receptionist. Bearing in mind that CPLR 311 dealing with service on corporations should be liberally construed (see *Fashion Page v Zurich Ins. Co.,* 50 NY2d 265), we hold that such facts are sufficient to make the service valid. While the process server did not make manual delivery of the summons to the person authorized to accept service, in this instance what occurred was the equivalent. As was said in *Green v Morningside Hgts. Housing Corp.* (13 Misc 2d 124, 125, affd 7 AD2d 708): "Like many other propositions it is a matter of degree. Where the delivery is so close both in time and space that it can be classified as part of the same act service is effected." Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.