■ BARBARA BRADLEY et al., Respondents, v WALTER MUSACCHIO, Appellant, et al., Defendant. — In a medical malpractice action, defendant Musacchio appeals from an order of the Supreme Court, Kings County (Goldstein, J.), dated September 7, 1982, which, after a hearing, denied his cross motion to dismiss the complaint for lack of personal jurisdiction. Order affirmed, with costs. At the hearing, the process server testified that he appeared at the appellant's office and, after attempting fruitlessly to see the appellant, announced to a woman he believed to be a nurse or receptionist that he had a summons and complaint to serve on him. The woman went into a room located about 10 to 15 feet down the hall and came out a few moments later and returned to her station next to where the process server was standing. At this point, a man who identified himself as Dr. Walter Musacchio opened up the door of the room from which the woman had just emerged and told the process server that the woman, whom he referred to as his "secretary" or "receptionist", could accept the papers for him and that he should leave them with her. At that point, the process server gave the papers to the woman and left the office. Special Term credited the testimony of the process server and held that personal service had been validly effected upon appellant, finding that the process server had handed the summons and complaint "to [defendant Walter Musacchio's] nurse at the express request and direction of defendant Walter Musacchio and in the presence of defendant Walter Musacchio." We agree. This court has previously held that valid personal service, pursuant to CPLR 308 (subd 1), is effected where a process server delivers the summons and complaint to another individual in the presence of the defendant (see *Conroy v International Term. Operating Co.,* 87 AD2d 858; cf. *Espy v Giorlando,* 85 AD2d 652, 653, affd on other grounds 56 NY2d 640). We have considered the other arguments raised by the parties and have found them to be without merit. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.