TOTALPLAN CORP. OF
AMERICA, Plaintiff,

v.

LURE CAMERA LIMITED, Defendant.

TOTALPLAN CORP. OF AMERICA,

v.

Richard L. MIKESELL, Defendant.

TOTALPLAN CORP. OF
AMERICA, Plaintiff,

v.

Wendell A. LEWIS, Harry S. Montgomery, Walter Petrovsky, Defendants.

TOTALPLAN CORP. OF
AMERICA, Plaintiff,

v.

NORTHWEST PIPE & SUPPLY CO., LTD., Michael Chwelos, Robert B. Colborne, Carmen Strong, James Boughton, John T. Brown, William Meiklejohn, Keith Yardley, Defendants.

Nos. CIV–82–698E to CIV–82–701E.

United States District Court,
W.D. New York.

Jan. 31, 1985.

John F. Papsidero, Tonawanda, N.Y., for plaintiff.

R.L. Miklesell, Craig L. Miller, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

These four related actions, involving allegations of breach of contract, fraud, unfair competition, theft of trade secrets, slander and trademark infringement, apparently constitute attempts to cure venue defects in an earlier action, *Totalplan Corp. of America v. Lure Camera, et al.,* CIV–72–699, which I dismissed on such basis July 18, 1980. I found that result to be required by 28 U.S.C. § 1391(b) which provides that where, as here, jurisdiction in a civil action "is not founded solely on diversity of citizenship," such action "may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." I found venue to be improper in the Western District of New York because none of the defendants resides in this district and not all of plaintiff's claims arose in this district. I further found that I was unable to transfer that case to any district because there was no district in which the section 1391(b) venue requirements were satisfied as to the case in its then posture, and hence no district in which the case "could have been brought" within the meaning of 28 U.S.C. § 1406(a). The action was accordingly dismissed.

Plaintiff has now filed the present four suits, dropping some of the original defendants and dividing the others among the four suits. Defendants have moved to dismiss each action for lack of personal jurisdiction over defendants under New York's jurisdictional statutes, lack of proper venue and failure of certain of the "causes of action" alleged in the within Complaints to state a claim.

As a preliminary matter, it is necessary to review the time when the Complaints were served on the various defendants, plaintiff having urged that the instant motions should be denied as not timely filed under Fed.R.Civ.P. rule 12(b). I conclude that most of the defendants have waived their rights to object to this court's exercise of personal jurisdiction over them and to venue in this court, by their failures to move on such matters prior to the expiration of the time in which a responsive pleading was required. Fed.R.Civ.P. rule 12(h)(1).

In CIV–82–698E, service of the Summons and Complaint upon the sole defendant therein, Lure Camera Limited, was made by mail August 18, 1982; the return receipt attached to the affidavit of service indicates receipt by Lure August 24th. In this case, as in each of the others, no stipulation of extension of time to answer or move was obtained and defendant served its motion to dismiss September 30, 1982.

In CIV–82–699E, defendant Richard L. Mikesell, who is also the attorney for all defendants in these cases, was served by plaintiff August 18, 1982 by service in person at an address in Encino, Cal.

In CIV–82–700E, Walter Petrovsky was personally served August 20, 1982 at an address in Pasadena, Cal. Harry S. Montgomery was personally served at an address in Colorado Springs, Col. August 30, 1982. Service has not been proven on Wendell A. Lewis. Petrovsky, according to the notice of motion in CIV–82–700E, does not join in such motion. Lewis has waived any objection to insufficiency of service of process against him (as indeed have all defendants in these actions), by failing to have asserted such defense in his motion to dismiss (see discussion *infra* ).

In CIV–82–701E, service upon defendants Robert B. Colborne, Carmen Strong, James Boughton, John T. Brown and Keith Yardley was made by mail August 18, 1982; return receipts attached to the affidavits of service indicate receipts of process by these defendants August 23rd and August 26th. The remaining defendants in CIV–82–701E—Northwest Pipe & Supply Co., Ltd. ("Northwest Pipe"), Michael Chwelos and William Meiklejohn—were not served by mail until September 10, 1982.

Rule 12(a) of the Federal Rules of Civil Procedure provides: "A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him." Paragraph (b) of this rule, governing the time and manner of presentation of defenses and objection, provides:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. *A motion making any of these defenses shall be made before pleading if a further pleading is permitted."* (Emphasis added.)

Thus under rules 12(a) and 12(b), a motion to dismiss any claim raised in the Complaint on any of grounds 2 through 7 stated in (b) must be brought, if at all, within the twenty days allowed for an answer by (a). Under paragraph (h)(1),

> "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by rule 15(a) to be made as a matter of course."

Paragraph (g) referred to in (h)(1)(A) requires a 12(b) motion to include all available defenses recited in paragraph (b), at the cost of being thereafter precluded from thereafter making any motion based on any omitted defenses, except as permitted by

paragraph (h)(2). Paragraph (h)(2) expressly preserves against waiver "the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim * * *, as well as the defense of lack of jurisdiction over the subject matter." Notes of Advisory Committee on Rules, 1966 Amendment.

■ "[V]enue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default." *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960). Thus an assertion of lack of jurisdiction over the person or lack of proper venue is waived if not made prior to the time when the proponent is required to appear in response to the pleading sought to be challenged, in this case within twenty days of the service of the Summonses and Complaints as provided by rule 12(b), as the plain wording of rule 12(h)(1) indicates. *See, also, Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714, 61 L.Ed.2d 464 (1979) ("[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties."); *Commercial Ins. Co. v. Stone Co.*, 278 U.S. 177, 179–80, 49 S.Ct. 98, 99–100, 73 L.Ed. 252 (1929) ("We are of the opinion that the privilege [of challenging venue] is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits. * * * [A contrary conclusion] would be in our opinion subversive of orderly procedure and make for harmful delay and confusion."); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369 (2d Cir.1966); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3d Cir.1944); *Granger v. Kemm, Inc.*, 250 F.Supp. 644 (E.D.Pa.1966); *Nelson v. Victory Electric Works*, 210 F.Supp.

954, 956 (D.Md.1962). All defendants in these four actions, except Northwest Pipe & Supply Co., Ltd., Michael Chwelos, William Meicklejohn and Walter Lewis, having been served with process between thirty-five and forty-two days before they served their motions to dismiss for lack of venue and lack of personal jurisdiction, have, as I said, waived their right to advance these defenses or the other defenses recited in rule 12(h)(1), including insufficiency of service of process.

■ By appearing on the instant motion without objecting to any lack of service of process on himself, defendant Lewis has submitted to this court's jurisdiction and waived any objection to the sufficiency of service of process. However, his motion to dismiss is timely inasmuch as he came under no obligation to respond to the Complaint until his appearance without objection to lack of service, and hence the venue and personal jurisdiction defenses may be considered as to him as well as to defendants Northwest Pipe, Chwelos and Meicklejohn, all domiciled outside of New York, who moved against the Complaint within twenty days of being served with process by mail.

■ It is arguable that the dismissal motions of those defendants who have waived their venue and personal jurisdiction privileges by the untimeliness of their motions ought not to be entertained at this time, but in view of their technical defaults ought to be required to show cause why they should be allowed to defend these actions at all. *Cf. Busey v. Deshler Hotel Co.*, 130 F.2d 187 (6th Cir.1942). However, plaintiff has not sought entries of default against defendants and, in view of the relatively relaxed standard for vacating an entry of a default (*see Meehan v. Snow*, 652 F.2d 274 (2d Cir.1981)) and the apparent lack of willfulness in these defendants' defaults and of prejudice to plaintiff and in the interests of economy, all defendants' motions to dismiss for failure to state a claim will be dealt with here.

*Personal jurisdiction over and venue as to Northwest Pipe, Chwelos, Meiklejohn and Lewis*

 "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great Western United Corp.,* supra, 443 U.S. at 180, 99 S.Ct. at 2714. Hence the personal jurisdiction issues raised by those defendants who have timely raised objections in this regard should be addressed initially. It is to New York law that one must look to determine whether personal jurisdiction may be exercised over the movants, both as to plaintiff's diversity-grounded claims and its federal trademark claim. *See, Galgay v. Bulletin Company, Inc.,* 504 F.2d 1062 (2d Cir.1974); *Andrulonis v. United States,* 526 F.Supp. 183, 187 (N.D.N.Y.1981). The burden is on the plaintiff to establish a prima facie jurisdictional basis, by means of the pleadings and/or affidavits, which will be considered in the light most favorable to a finding of jurisdiction; such prima facie basis must be further proven at an evidentiary hearing at trial by a preponderance of the evidence. *See, e.g., Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981).

The relevant law of New York consists of sections 301 and 302 of New York's Civil Practice Law and Rules ("CPLR"), as expounded by New York's courts. Section 301 provides for the exercise of "such jurisdiction over such persons, property, or status as might have been exercised heretofore." This section has been interpreted to permit the exercise of personal jurisdiction over foreign corporations "doing business" in New York State—*i.e.,* "operating in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.' *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)." *Andrulonis v. United States, supra,* at 187.

CPLR § 302, New York's "long arm" jurisdictional statute, provides in the portion pertinent to plaintiff's claim of jurisdiction:

"(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

1. Transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. Commits a tortious act within the state * * *; or

3. Commits a tortious act without the state causing injury to person or property within the state, * * * if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]"

 Regarding the individual defendants (Lewis, Chwelos and Meiklejohn), it must be observed that, under the equitable "fiduciary shield" doctrine, actions taken by them solely in their capacity as corporate officers cannot provide a basis for an exercise of jurisdiction over their persons, absent circumstances making such exercise appropriate. See *Laufer v. Ostrow,* 55 N.Y.2d 305, 313, 449 N.Y.S.2d 456, 460, 434 N.E.2d 692, 696 (1982), *Marine Midland Bank, N.A. v. Miller, supra,* at 902–03. As recently expounded by our court of appeals in the latter case, this doctrine confers jurisdictional immunity upon corporate officials, even though their conduct be tortious, as long as the actions taken were in the interests of the corporation and not purely personal, and the corporation is not merely a shell for the individual, and does not lack sufficient assets to respond.

■ Plaintiff has not made any showing that the corporation [1] represented by Lewis is a mere shell for the transaction of business; nor has he made such showing as regards Northwest Pipe, of which Chwelos is said to be the president. Lewis's corporate employers are not named defendants in these actions, but Northwest Pipe is named and has responded, negating any possible inference of financial inability to respond to this suit. Finally, plaintiff has made no showing that the alleged actions of Lewis and Chwelos were not in furtherance of the interests of their corporate employers. Hence plaintiff has not borne its burden to the extent of barring application to Lewis and to Chwelos (as president of Northwest Pipe), of the fiduciary shield doctrine which, while not without its critics (see *McLaughlin*, Supplementary Practice Commentary C302:3 (1982), in 7B McKinney's Consolidated Laws of New York, Supp.1982, p. 34), is the law of New York and of this circuit and hence requires dismissal of plaintiff's claims as to Lewis (CIV–82–700E) and as to Chwelos in his capacity as president of Northwest Pipe (CIV–82–701E) for lack of personal jurisdiction. I need not, therefore, reach these defendants' contentions regarding venue.

■ Plaintiff has alleged that, by virtue of a transfer of Lure Camera Limited's assets to Northwest Pipe, it became a mere shell for the transaction of the affairs of its officers, directors and shareholders (including Northwest Pipe), negating application of the "fiduciary shield's" doctrine as to them. This allegation, contained in plaintiff's attorney's affidavit, is supported by an assertion in plaintiff's president's affidavit that defendant Mikesell had appeared as attorney for Lure Camera Limited in an action commenced by such company against plaintiff and others, and had represented before the arbitrator therein that the company was insolvent. The instant Complaints state that, notwithstanding the allegedly fraudulent transfer to Northwest Pipe, "Lure Camera was and remains a solvent corporation and no actual sale has transpired whereby monetary consideration or other considerations changed hands." Defendants point to this allegation in support of their motion to dismiss for failure to state a claim, prompting plaintiff's attorney's reply that the actual allegation is that the "purported transfer should be set aside as a nullity, and that without the transfer, Lure, therefore, is solvent and has assets which can be reached by creditors." Whatever the intention of the allegations of the Complaints, however, plaintiff has made a prima facie showing not affirmatively contradicted by defendants that Lure Camera Limited is a mere shell for the conduct of Chwelos's, Meiklejohn's and Northwest Pipe's affairs. Therefore, if personal jurisdiction would be properly exercised in this case over Lure Camera Limited, it may be exercised as well over these defendants, to the extent that plaintiff's claims against Lure Camera Limited run also against these defendants and until the propriety of "piercing the corporate veil" as to these defendants is disproven upon a hearing or at trial. Lure Camera Limited has waived personal jurisdiction objections; inasmuch as plaintiff's prima facie showing of personal jurisdiction over Chwelos, Meiklejohn and Northwest Pipe is premised upon the insolvency of Lure Camera Limited and its use as an alter ego of these defendants, it would be inapropos to allow the company effectively to negate its waiver by determining jurisdiction over these defendants by analysis of the sufficiency of its contacts with this forum. Its waiver thus in effect extends to these defendants, through the rent made by plaintiff in the corporate veil.

■ It is appropriate further to consider whether plaintiff has shown another basis for personal jurisdiction over Northwest Pipe, as it is possible that the "alter ego" jurisdictional exercise regarding this defendant may later prove improper and that an independent basis may exist. Except as Lure Camera Limited's alter ego, an hypothesis rejected for present purposes, Northwest Pipe has not been shown to do

**1.** Total Marketing Concepts, Inc. (Complaint [CIV–82–700E], ¶¶ 32 & 42.

anything construable as "doing business" or "transacting any business" in New York, within the meaning of CPLR §§ 301 and 302(a)(1). To consider whether jurisdiction may be asserted under section 302(a)(2) (commission of a tortious act within the state), or section 302(a)(3)(i) (commission of a tortious act without the state, but with significant specified in-state contacts), or section 302(a)(3)(ii) (out-of-state tort, but with anticipatable in-state consequences and substantial interstate or international commerce revenues), would require a more full showing from plaintiff as to conduct by and the nature of the business of Northwest Pipe than has been made. Hence, except on a theory of identity with Lure Camera Limited, plaintiff has not sustained the burden of proving personal jurisdiction over Northwest Pipe.

 There must next be considered the motions by Northwest Pipe, Chwelos and Meiklejohn to dismiss for lack of venue. The movants have done little or nothing to support this motion, having merely cited Fed.R.Civ.P. rule 12(b)(3) in their notice of motion, and the supporting affidavit and brief are directed entirely to the motions to dismiss for lack of personal jurisdiction and for failure to state a claim. It is not apparent which venue provision movants wish to invoke or, assuming that the general venue statute (28 U.S.C. § 1391) is contemplated, which paragraph thereof is considered controlling. Thus the motion to dismiss for lack of venue must be denied as insufficient. 28 U.S.C. § 1406(b). *Cf., Goldberg v. Wharf Constructers*, 209 F.Supp. 499 (D.C.Ala.1962). *See, also* 1 *Moore's Federal Practice*, ¶ 0.140[1.–4] (2d ed.). Alternatively, as it is alleged in the Complaints and not controverted by movants that Chwelos and Meiklejohn are residents and citizens of Canada and that Northwest Pipe is a Canadian corporation located in Canada, I hold that venue is proper here pursuant to 28 U.S.C. § 1391(d), which provides that "[a]n alien may be sued in any district."

*Statement of a claim upon which relief can be granted*

 In CIV–82–698E, Lure Camera Limited contends that the Complaint's "second cause of action" (misdenominated the "first cause of action" in its motion papers) involving allegations of conspiracy between Lure Camera Limited's officers and Northwest Pipe fraudulently to transfer the assets of Lure Camera Limited to Northwest Pipe so as to avoid creditors and obligors (including plaintiff, by nullifying plaintiff's contracts and agreements with Lure Camera Limited) fails to allege the essential element of injury, citing *Hanlon v. MacFadden Publications*, 302 N.Y. 502, 99 N.E.2d 546 (1951), and thus fails to state a claim for fraud.

The familiar principles governing consideration of a motion to dismiss for failure to state a claim—that the Complaint is to be liberally construed, that the well-pleaded material allegations are to be taken as admitted and that the motion is to be granted only if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim (*see*, 2A *Moore's Federal Practice*, § 12.08 (2d ed. 1982) )—require denial of the dismissal motion as to the claim of fraudulent conduct regarding the sale of Lure Camera Limited's assets to Northwest Pipe. The Complaint clearly states, albeit in conclusory fashion, that such transfer resulted in injury to plaintiff, contrary to defendant's assertion. It would appear, however, that the Complaint does fail to allege an element of an action for fraud or deceit not mentioned by this defendant—to wit, that the alleged fraud or deceit was *relied upon* by the plaintiff in good faith, to his or her or its detriment. *See generally, Southern Dev. Co. v. Silva*, 125 U.S. 247, 259, 8 S.Ct. 881, 887, 31 L.Ed. 678 (1888); 24 *N.Y. Jurisprudence*, Fraud and Deceit, §§ 157–168. Nonetheless, plaintiff has stated a colorable claim based on the action for fraudulent conveyance, which existed at the common law and was codified in the Uniform Fraudulent Conveyance Act ("U.F.C.A."), adopted in substance by Article 10 of New York's Debtor

and Creditor Law. Section 274 of the Debtor and Creditor Law, which is identical with section 5 of the U.F.C.A. and governs "conveyances by persons in business," appears particularly relevant to the pertinent allegations of the Complaint:

> "Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent."

Defendant has not addressed the sufficiency of the Complaint to state a claim based upon fraudulent conveyance; at this juncture such claim appears viable under the Complaint as it now stands, militating against dismissal. The Complaint's allegation that, notwithstanding the fraudulent sale of Lure Camera Limited's assets, it "was and remains a solvent corporation and no actual sale has transpired," to which allegation defendant points, makes sense in its context only as explained by plaintiff, that Lure Camera Limited would be solvent if the allegedly fraudulent conveyance were set aside.

The foregoing applies to CIV–82–699E, CIV–82–700E and CIV–82–701E, to the extent that the same issues are raised in these actions and by those defendants' motions to dismiss, as fully as to CIV–82–698E.

Defendant in CIV–82–698E contends that the Complaint's third (misdenominated as second by defendant) cause of action insufficiently states facts to support conclusory allegations of conspiracy. I note that this claim of the Complaint does not reasonably appear to invoke breach of contract as a ground of recovery, mooting defendant's further contentions in this regard.

Paragraph 60 of the Complaint appears to be a good guide to plaintiff's intentions regarding the nature of the claim or claims advanced in the third cause of action:

> "The individuals and corporations used and are using unfair methods of competition, including the misappropriation and using for their own purposes plaintiff's secrets, self dealing harmful to plaintiff, while associated with plaintiff, slandering plaintiff in its business reputation, and conspiring to injure plaintiff's business."

█ There is no basis in the Complaint's third cause of action for any claim that the defendant engaged in actionable "self-dealing" which at the least would require the presence of a fiduciary relationship between plaintiff and defendant (*see, e.g., In re Scarborough Properties Corp.,* 25 N.Y.2d 553, 558, 307 N.Y.S.2d 641, 645, 255 N.E.2d 761, 765 (1969)). However, it does appear that the other alleged grounds for relief have colorable bases in the allegations and also that such allegations may state a claim for fraud in that it is alleged that defendant encouraged plaintiff, through false representations, to associate with Wendell Lewis, a defendant in CIV–82–700E, entirely for the purpose of getting at plaintiff's secret methods and its customer lists. In the context of the other allegations in the Complaint, such allegations would appear to satisfy Fed.R.Civ.P. rule 9(b)'s requirement of specific averments of circumstances constituting alleged fraud. *See generally,* 2A *Moore's Federal Practice,* ¶ 9.03. In view of the lack of input from the parties on the sufficiency *vel non* of this and the other claims stated in Paragraph 60 of the Complaint, I will not definitively rule on such at this time; the sympathetic reading of such allegations required in rule 12(b) motions suffices to defeat the motion to dismiss.

█ The case upon which defendant relies for the proposition that facts constituting an alleged conspiracy must be particularly pleaded, *Black & Yates v. Mahogany Ass'n,* 129 F.2d 227, 231 (3d Cir.1941), although decided subsequently to the 1937 adoption of the Federal Rules of Civil Procedure and the requirement of rule 8(a) thereof that a claim for relief merely "contain * * * a short and plain statement of

the claim showing that the pleader is entitled to relief," nonetheless relied upon pre-1937 authorities for its requirement of factual averments. The case is not in line with the great majority of post-1937 decisions, which generally do not insist on factual averments, as long as the pleading adequately gives notice of the nature of the claim so as to permit a defense. *See,* 2A *Moore's Federal Practice,* ¶ 8.13, p. 8–103. *Cf. Murchison v. Kirby,* 27 F.R.D. 14 (S.D. N.Y.1961). There are, to be sure, decisions of our Court of Appeals holding that there must be specificity of allegations of overt acts in civil rights conspiracy cases (*e.g., Angola v. Civiletti,* 666 F.2d 1, 4 (2d Cir. 1981); *Powell v. Jarvis,* 460 F.2d 551, 553 (2d Cir.1972)) but no recent decisions of any circuit have been found to apply such rule to business conspiracy cases.

While the allegations of the Complaint's third cause of action want something of shortness and plainness, they are not so prolix and confusing as to fail to state a claim or to require dismissal for such reason. To the extent that the congested style of the Complaint makes difficult the framing of responsive pleadings, defendants have a sufficient remedy in the form of a motion for a more definite statement brought in accord with Fed.R.Civ.P. rule 12(e).

The foregoing applies to the corresponding "causes of action" and defendant's objections thereto in CIV–82–700E and CIV–82–701E. Thus defendants' motions to dismiss in CIV–82–698E, CIV–82–700E and CIV–82–701E must be denied in their entireties. Further particularized attention is required for the dismissal motion of Mikesell, the sole defendant in CIV–82–699E.

■ Mikesell contends that the second cause of action stated in the Complaint against him fails to allege any conduct by himself. However, each of Paragraphs 52 through 56, and 58, alleges conduct by the "defendant, individuals and corporations." The failure of these paragraphs to specify solely defendant's alleged conduct is due to plaintiff's attorney's obvious effort to draft the pleadings in these actions in a manner providing optimum fungibility for their paragraphs. Nonetheless, there is arguably an allegation of actionable conduct by defendant in the second cause of action, which therefore cannot be dismissed for the reason urged by defendant.

■ The fourth cause of action against Mikesell seems to be grounded upon an alleged breach of Mikesell's fiduciary duty to plaintiff when acting as counsel for plaintiff's West-coast branch, in that during such time Mikesell used his access to plaintiff's books and records to further the alleged conspiracy against plaintiff; also in that Mikesell had a conflict of interest which ought to have prevented him from acting as attorney for plaintiff's West-coast branch because Mikesell was attorney for Wendell Lewis's corporate entities with which plaintiff was engaged in business negotiations. Regarding this cause of action Mikesell states that the gravamen of the cause is unclear. However, it would appear that the claim is, as I said, for a breach of fiduciary duty by Mikesell, which in proper cases will require the errant fiduciary to answer in damages for his misconduct. *See, e.g., Howard v. Murray,* 43 N.Y.2d 417, 420–21, 401 N.Y.S.2d 781, 782–83, 372 N.E.2d 568, 569–70 (1977)). *Wilson-Rich v. Don Aux Associates, Inc.,* 524 F.Supp. 1226, 1233–34 (S.D.N.Y. 1981); *Oil & Gas Ventures-First 1958 Fund, Ltd. v. Kung,* 250 F.Supp. 744, 749 (S.D.N.Y.1966); 6 N.Y. Jurisprudence 2d, § 65. *See, also, S.E.C. v. Capital Gains Bureau,* 375 U.S. 180, 192–94, 84 S.Ct. 275, 283–84, 11 L.Ed.2d 237 (1963).

■ Mikesell's contention that Paragraph 81 of the Complaint in CIV–82–699E, which states "[t]hat it has been less than two years since plaintiff obtained any knowledge of defendant's employment to act as attorney for Totalplan-West," is obviously false because the same plaintiff alleged such knowledge in Paragraph 75 of the Complaint in CIV–79–699E, filed here September 21, 1979, is well-taken. Accordingly Paragraph 81 of the within Complaint will be stricken.

Finally, having considered the requests of defendants for monetary or other sanctions against plaintiff pursuant to rule 11, for instituting these suits allegedly without belief in any real prospect of success and, allegedly, for the sole purpose of delay, I find such requests insufficiently supported at this time and accordingly they are denied.

In accord with the foregoing it is hereby ORDERED that the motions of defendants in CIV–82–698E, CIV–82–699E, CIV–82–700E and CIV–82–701E to dismiss for lack of personal jurisdiction, lack of venue and failure to state a claim, and for sanctions, are denied, with the exceptions (a) that Wendell A. Lewis's motion to dismiss the Complaint in CIV–82–700E is granted and (b) that defendant Mikesell's motion to strike Paragraph 81 of the Complaint in CIV–82–699E is granted.