■ In the Matter of ALFRED LUONGO, Appellant, v TERESA LUONGO, Respondent. — In a habeas corpus proceeding by a father to obtain custody of the children of the parties from the mother, the father appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated November 16, 1984, which dismissed the writ on the ground that the mother had removed herself and the children from the State.

Judgment affirmed, with costs.

From the facts before us, it appears that prior to the commencement of the instant suit, the petitioner, the respondent and the children all were, and had been, residents of New York. In June of 1984, the respondent left the marital premises with the children and removed to the United States Coast Guard base on Governors Island to stay with her brother, Donald Black. During this time the petitioner was denied access to the children. The petitioner then commenced the instant habeas corpus proceeding in July 1984 in the belief that the respondent intended to remove the children from New York to California.

The writ of habeas corpus was directed to the respondent mother and her brother, commanding them to produce the children at a hearing to be held to determine custody, and, in the interim, granting petitioner temporary custody. On July 9, 1984, petitioner's process server attempted to serve the writ upon the respondent but was not allowed to enter the Coast Guard base. Instead, she was told that service upon a civilian located on the base could only be accomplished by serving the civilian's relative. The process server left a copy of the writ for respondent with her brother, Donald Black. Upon the return date of the writ, the brother appeared and stated that the respondent had taken the children to California. The matter was adjourned and the court ordered that the writ and supporting papers be served upon respondent by ordinary mail, return receipt requested, at the home of her mother in Oakland, California, where she was staying with the children. Some weeks later the letter was returned by the Post Office Department with the notation that it had been "refused" by the addressee. It further appears that on July 31, 1984, both petitioner and respondent appeared in the Family Court, New York County, on a related matter, but there is no indication service of the writ in this proceeding was attempted at that time.

Special Term dismissed the instant proceeding, indicating that an action under Domestic Relations Law article 5-A might be more appropriate. Thereafter, it appears that the respondent commenced a proceeding under the Uniform Child Custody Jurisdiction Act in California.

The petitioner's motion for a preference in the hearing of this appeal was granted upon condition that he serve his brief, the record, and copies of the motion papers upon the respondent by express mail at her address in California.

Respondent has now submitted a brief and appendix in which she argues, *inter alia,* that petitioner never effectively served the writ upon her, either in person or by mail. She has thus preserved her objection to jurisdiction (*see, Matter of Katz,* 81 AD2d 145, *affd* 55 NY2d 904).

The instant habeas corpus proceeding was properly dismissed. It does not appear that personal jurisdiction over the respondent was ever obtained, since proper service under CPLR 308 was never effected. Clearly, the writ was not delivered to respondent personally, nor did petitioner comply with any of the alternative methods of service set forth in either CPLR 308 or 7005. Service of the writ upon Donald Black was insufficient to confer personal jurisdiction upon the respondent. The exceptions to the rules governing service under those cases which hold that where

a defendant resists service, it is sufficient to leave the summons in his general vicinity, or where service is made upon another person but redelivery to the defendant is "so close both in time and space that it can be classified as part of the same act", are inapplicable (*see, e.g., Green v Morningside Hgts. Hous. Corp.,* 13 Misc 2d 124, 125, *affd* 7 AD2d 708; *McDonald v Ames Supply Co.,* 22 NY2d 111, 115; *Conroy v International Term. Operating Co.,* 87 AD2d 858, 859). Here there is a question as to whether respondent was even in the State at the time of the attempted service upon her and the delivery of the writ to her brother Donald Black, and there is no evidence at all on the record of redelivery. As it does not appear that jurisdiction was obtained in this case, the proceeding was properly dismissed. Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.