■ MARY A. JONES, Respondent, v AKBAR A. NOSSOUGHI, Appellant.—In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Orange County (Hickman, J.), dated March 21, 1988, which, after a hearing,

denied the defendant's motion for summary judgment dismissing the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The evidence adduced at the hearing reveals that on December 6, 1982, the plaintiff's process server conveyed the purpose of her visit to the defendant's secretary, at the defendant's office and a man appeared from an inner office. The process server then reiterated that she was there to "serve legal papers" upon the defendant and after identifying himself as the defendant, the man instructed the process server to hand the papers to his secretary. At that point, a copy of the summons and complaint was delivered to the defendant's secretary. Thereafter the process server mailed a copy of the summons and complaint to the defendant's office. On December 8, 1982, she completed an affidavit of service which indicated that substituted service had been made upon the defendant's secretary. The defendant acknowledged receipt of a copy of the summons and complaint from his secretary but could not recall having seen the process server prior to the date of the hearing.

The Supreme Court denied the defendant's motion for summary judgment which was predicated upon lack of personal jurisdiction. This appeal ensued.

Although the Supreme Court improperly found that service was effectuated pursuant to CPLR 308 (2) (see, Matter of Gottesman, 127 AD2d 563; Donaldson v Melville, 124 AD2d 361, lv denied 69 NY2d 604), its finding that personal service had been made pursuant to CPLR 308 (1) was proper. This court has repeatedly held that valid service pursuant to CPLR 308 (1) is effected where a process server delivers the summons and complaint to another individual in the presence of the defendant (see, Bradley v Musacchio, 94 AD2d 783; Daniels v Eastman, 87 AD2d 882; Conroy v International Term. Operating Co., 87 AD2d 858; cf., Selby v Jewish Mem. Hosp., 130 AD2d 651; Espy v Giorlando, 85 AD2d 652, affd 56 NY2d 640). Inasmuch as the process server's affidavit of service was consistent with her hearing testimony and the defendant did not refute her claim that delivery of the summons to his secretary was made within his presence, the hearing court's determination to credit her testimony is supported by a fair interpretation of the record and thus should not be disturbed (see, Gordon v Nemeroff Realty Corp., 139 AD2d 492; Laurence v Hillcrest Gen. Hosp.—GHI Group Health, 119 AD2d 808).

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.