■ In the Matter of ELSIE CIOTTI, Appellant, v LLOYD KING, JR., et al., Respondents, and ANGELO R. MARTINELLI, Respon-

dent.—In a proceeding to invalidate a petition designating Angelo R. Martinelli as a candidate in the Republican Party primary election to be held on September 12, 1991, for the nomination of that party as its candidate for the public office of Mayor of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County (Fredman, J.), dated August 8, 1991, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a re-opened hearing on the issue of the validity of service of the order to show cause commencing this proceeding to afford the respondent-respondent an opportunity to present his evidence, to be followed, regardless of the outcome on the issue of service, by a hearing on the issue of the validity of the designating petition. The hearings shall be commenced forthwith.

The petitioner's proof at the hearing reveals that on July 29, 1991, at approximately 8:30 A.M., a process server entered the respondent-respondent Martinelli's residence at the invitation of his son. Once inside the house, the process server handed the pleadings to Mr. Martinelli's wife who had appeared in the hallway. She immediately proceeded to the kitchen and handed the pleadings to Mr. Martinelli in the presence of the process server. The Supreme Court dismissed the proceeding on the ground of lack of personal jurisdiction, based upon its finding, at the conclusion of the petitioner's proof, that service had not been accomplished by "personal delivery". We now reverse.

It is well settled that valid service, pursuant to CPLR 308 (1), is effected where a process server delivers the pleadings to another individual in the presence of the named party, or where the delivery is so close both in time and space that it can be classified as part of the same act (see, Jones v Nossoughi, 147 AD2d 447; Bradley v Musacchio, 94 AD2d 783; Daniels v Eastman, 87 AD2d 882; Conroy v International Term. Operating Co., 87 AD2d 858). Here the petitioner made a prima facie showing that personal delivery of the pleadings was properly effectuated pursuant to CPLR 308 (1). However, the matter is remitted to the Supreme Court to afford the respondent-respondent an opportunity to contravene the petitioner's proof as to service. In view of the time constraints involved in this matter, we further direct that an immediate hearing on the validity of the designating petition be held.

Bracken, J. P., Kooper, Harwood, Balletta and Copertino, JJ., concur.