**LUV N' CARE, LTD., Plaintiff,**

v.

**BABELITO, S.A., Defendant.**

**No. 03 CIV. 4468(VM).**

United States District Court,
S.D. New York.

March 4, 2004.

Morris E. Cohen, Law Office of Morris E. Cohen, Esq., Brooklyn, NY, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Babelito, S.A. ("Babelito"), an Argentinian company, moves to dismiss the complaint in this action on the ground that, among others, plaintiff Luv N' Care, Ltd. ("Luv N' Care"), improperly served Babelito. Luv N' Care responds that Babelito waived any defense to this action by its delay in answering the complaint or filing the instant motion. Luv N' Care also disputes Babelito's motion on its merits. The Court concludes that Babelito did not waive its defenses and agrees that Babelito was improperly served. For these reasons, as further discussed below, the case is dismissed.

## I.  BACKGROUND

In its complaint filed June 19, 2003, Luv N' Care alleges that Babelito unlawfully copied one of its designs for an innovative baby bottle which can rest upright or on its side, without leaking. On July 10, 2003, a process server attempted to serve Babelito by leaving copies of the summons and complaint with Ramiro Pillado ("Pillado"), a principal shareholder of Babelito's United States distributor, a Florida limited liability company called Petit Bébé, L.C. ("Petit Bébé"). Pillado is the son of Babelito president Rudolfo Pillado.

By letter dated July 18, 2003, Luv N' Care sought to postpone the initial case management conference with the Court. According to that letter, Luv N' Care learned, through phone conversations with the Petit Bébé's attorneys, that (1) Petit Bébé's attorneys would not be representing Babelito, (2) Babelito would be contesting as invalid the service of process upon

Petit Bébé, instead of Babelito, and (3) Babelito would be interested in settlement negotiations. By letter to the Court dated July 29, 2003, Petit Bébé's attorneys emphasized that they did not represent Babelito and that they had not intended to make any representations on Babelito's behalf to Luv N' Care.

Neither Babelito nor Petit Bébé appeared at the Court's initial case management conference on August 22, 2003, and the Court granted Luv N' Care leave to file a motion for default judgment against Babelito. By letter dated September 9, 2003, Luv N' Care sought an extension of the time to file for such a motion because Luv N' Care had initiated contact with Babelito's counsel in Argentina and was hoping to settle the matter. After obtaining two further extensions, Luv N' Care notified the Court by letter dated December 22, 2003, that it had been unable to reach a settlement with Babelito and sought a final extension until January 12, 2004, to file a motion for a default judgment. On January 9, 2004, Babelito filed the motion to dismiss now before the Court.

## II. *DISCUSSION*

■ Babelito's motion challenges Luv N' Care's service of process on the grounds that Petit Bébé is a legally distinct entity from Babelito and that Pillado is not Babelito's agent. Under Federal Rule of Civil Procedure 4(h)(1), a party may serve a foreign corporation by, among other means, "delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service of process." Fed. R.Civ.P. 4(h)(1). Luv N' Care first asserts that service was proper upon Pillado on the theory that he is Babelito's "agent" within the meaning of Rule 4. Luv N' Care supports that assertion with, among other evidence, affidavits stating that Pillado

once represented himself as an agent of Babelito at a trade show in Texas, and a copy of a Babelito catalog listing Petit Bébé's address in Florida under the Babelito logo, alongside Babelito's address in Argentina. This evidence is insufficient.

Luv N' Care does not allege that Pillado is either an "officer" of Babelito, or that he had any specific authority regarding receiving process on Babelito's behalf. It is also clear that Pillado is not a "managing or general agent" of Babelito. *Id.* Luv N' Care has not alleged that Babelito actually employs Pillado, or that Pillado has any authority to act on Babelito's behalf in any respect. Even assuming Pillado to be a sufficient "managing or general agent" of Petit Bébé, and assuming that Petit Bébé and Babelito have a close or longstanding manufacturer-distributor relationship, service upon one company is generally insufficient as to a legally distinct company. *See Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 209 (2d Cir.1970) (holding that one customs broker was "plainly not" a sufficient agent of another for purposes of Rule 4, even though the companies had a 30– or 40–year relationship); *Boston Med. Supply Co. v. Brown & Connolly,* 98 F.Supp. 13, 14–15 (D.Mass.1951) (holding that "defendant's ... distributors operate independent businesses and are not so subject to defendant's control as to be characterized as an 'agent' of defendant," for purposes of Rule 4). Because neither Pillado nor Petit Bébé falls within the pertinent language of Rule 4, the service was invalid as to Babelito, under any theory of agency.

■ Rule 4 also permits service upon a foreign corporation pursuant to the law of the District Court's state (here, New York). *See* Fed.R.Civ.P. 4(h)(1). Luv N' Care next argues that, under New York law, service was proper under the principle of "redelivery" because Pillado allegedly

immediately passed the complaint on to the proper Babelito official. *See, e.g., Conroy v. Int'l Terminal Operating Co., Inc.*, 87 A.D.2d 858, 449 N.Y.S.2d 294 (2d Dep't 1982). The principle of redelivery is inapplicable here, as it is intended to apply only where the summons is in the "general vicinity" of the proper person, such that "redelivery by the person wrongly served" can be considered "so close both in time and space that it can be classified as a part of the same act." *McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 291 N.Y.S.2d 328, 238 N.E.2d 726, 728 (1968) (internal quotation marks and citations omitted). The rationale behind this rule is that a "process server cannot be expected to know the corporation's internal practices" and thereby may justifiably rely on "the corporate employees to identify the proper person to accept service." *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 428 N.Y.S.2d 890, 406 N.E.2d 747, 750 (1980). The typical case involves a secretary or receptionist who is closely connected to the proper person for service and who accepts the papers on that person's behalf. *See, e.g., Seward & Kissel v. Smith Wilson Co., Inc.*, 814 F.Supp. 370, 375 (S.D.N.Y.) (upholding service where secretary accepted papers and then passed them on to her supervisor); *Conroy*, 449 N.Y.S.2d at 294 (upholding service where "the process server delivered the summons to the acting receptionist for the defendant corporation who, within one minute thereafter, delivered it to her 'boss'—one authorized to accept service—who was sitting in his office two feet away from the receptionist").[1] The Court could find no case in which the "redelivery" principle applied to delivery from one company to another, especially

where, as here, the companies are located in distant countries. The Court concludes that there is no basis upon which to sustain the service as valid.

■ Luv N' Care nevertheless argues that the motion should be denied on the independent ground that Babelito's six-month delay in either answering or filing its motion to dismiss constitutes a waiver of its defenses. Luv N' Care asserts that, under Federal Rule of Civil Procedure 12, Babelito had only 20 days within which to bring such a motion. The Court disagrees.

Under Rule 12(a), Babelito must serve an answer "within 20 days after being served with the summons and complaint." Fed.R.Civ.P. 12(a)(1)(A). As an initial matter, as discussed above, is unclear whether Babelito was served *at all*, for purposes of Rule 12(a), and therefore, its time to respond has arguably not even begun, much less lapsed. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391, at 755–56 (2d ed. 1990) ("[I]f a party is never served at all, he cannot be held to have waived his objection to lack of jurisdiction over the person by non-assertion within 20 days; due process would preclude the result and the rules themselves prevent it, by making the 20 day period run from the date of service.") (footnote omitted). Babelito does not press this argument, and if the Court assumes the service was merely defective (as opposed to no service at all), the Court must address certain complicated waiver questions involving the defense of improper service. However, even under that assumption, the Court concludes that Babelito has not waived its defenses.

1. The New York Court of Appeals has held that a an employee's "claim[] of authority" while "temporarily visiting the State, that he represents the corporation" is "insufficient to establish his authority to accept process on its behalf." *Fashion Page*, 428 N.Y.S.2d 890,

406 N.E.2d at 750. Therefore, even assuming Pillado represented himself as Babelito's agent on one occasion in Texas, that would certainly not justify serving him in Florida, at a separate company, on Babelito's behalf.

The issue of how long a defendant may wait before moving to dismiss under Federal Rule of Civil Procedure 12(b) is surprisingly confusing and the courts disagree considerably in this respect. *Compare, e.g., Totalplan Corp. of Am. v. Lure Camera,* 613 F.Supp. 451, 455 (W.D.N.Y.1985) ("[U]nder rules 12(a) and 12(b), a motion to dismiss any claim raised in the Complaint on any of grounds 2 through 7 stated in (b) must be brought, if at all, within the twenty days allowed for an answer by (a).") *with, e.g., Marcial Ucin, S.A. v. SS Galicia,* 723 F.2d 994, 997 (1st Cir.1983) (holding that a motion to dismiss for lack of personal jurisdiction need not be made within the 20–day limit of Rule 12(a)) *and Federal Home Loan Mortg. Corp. v. Dutch Lane Assocs.,* 775 F.Supp. 133, 136 (S.D.N.Y.1991) (holding "no specific time limit is set" for a motion to dismiss on the ground of improper service). Rule 12 permits a defendant to assert the defense of improper service either in the defendant's responsive pleading (usually the answer), or by motion to dismiss. *See* Fed.R.Civ.P. 12(b). That defense is generally deemed waived under Rule 12(h) if (1) a party brings a Rule 12 motion to dismiss but fails to raise the defense in that motion, or (2) if a party fails to raise the defense altogether; either in the responsive pleading or in a motion to dismiss. *See* Fed.R.Civ.P. 12(h).

As stated, under Rule 12(a), a defendant ordinarily must serve an answer "within 20 days after being served with the summons and complaint." Fed.R.Civ.P. 12(a)(1)(A). By contrast, no provision of Rule 12 explicitly mentions a time limit for making a motion to dismiss. Some courts have concluded, not unreasonably, that the timing

rules for filing an answer under Rule 12(a) must also apply to motions to dismiss under Rule 12(b).[2] That interpretation finds support in Rule 12(b) itself, which states that a motion to dismiss "*shall* be made *before* pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b) (emphasis added). In other words, if a defendant must make a motion to dismiss *before* the answer, the defendant arguably must file such a motion, at the very latest, before an answer would otherwise be due. *See Totalplan Corp.,* 613 F.Supp. at 455. In this case, Babelito never requested an extension to file its answer, and thus, according to Luv N' Care, its time to file either an answer or motion to dismiss has long since lapsed.

■ The Court disagrees, and instead agrees with a leading treatise that this view "is premised on an overly strict interpretation of Rule 12(a) and Rule 12(h)(1)." Wright & Miller, *supra,* § 1391, at 754. As Wright and Miller explain:

The former provision [Rule 12(a)] only deals with when the pleading must be served and is silent on the question of waiver. The latter provision [Rule 12(h)] does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served.

*Id.*[3] Subscribing to this latter interpretation, Courts in this district have held that such motions "must be raised in a reasonably timely fashion or [be deemed]

---

2. This rule, of course, would not apply to motions asserting a lack of subject matter jurisdiction under Rule 12(b)(1), which may be brought at any time. *See* Fed.R.Civ.P. 12(h)(2); *see also Bernstein v. Universal Pictures, Inc.,* 517 F.2d 976, 979 (2d Cir.1975).

3. The Court also agrees with Wright and Miller that "[a]mendment of Rule 12 to clarify these problems would be desirable." Wright & Miller, *supra,* § 1391, at 756.

waived." *Federal Home Loan Mortg. Corp.*, 775 F.Supp. at 136; *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y.1985). The question for this Court, therefore, is whether, considering the circumstances of this case, Babelito's motion was made in a reasonably timely fashion. On the specific facts of the case, the Court concludes that it was.

The parties' settlement negotiations account for the majority of the delay in filing the motion to dismiss. As Babelito points out, it would have been counterproductive to those negotiations for Babelito to have hired American lawyers and drafted a motion to dismiss when the parties were actively seeking settlement. Luv N' Care effectively agreed to these delays because it requested multiple extensions for its leave to file a motion for default judgment, and because it waited until December 12, 2003, to file its affidavit of service, a necessary prerequisite to obtaining a default judgment. *See* S.D.N.Y. Loc. R. 55.1. Babelito filed its motion to dismiss promptly after settlement discussions ended.

Accounting for the settlement negotiations, Babelito's delay constitutes, at worst, the time between July 10, 2003, when Petit Bébé was served, and early September 2003, when Babelito initiated contact with Luv N' Care. That delay is not unreasonable, especially considering the indirect and deficient service and Babelito's status as a foreign corporation presumably having only limited contacts with this District. Furthermore, the Court notes that, were the Court to enter a default judgment on Luv N' Care's behalf, Babelito would be able to collaterally challenge that judgment on the ground that the service was improper, or that the Court lacked jurisdiction. *See Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d

730, 732 (2d Cir.1980). It is eminently more sensible to deal with these issues now, rather than later. In consideration of these factors, the Court finds that Babelito has not waived its defense to the defective service of process. As explained above, that service was defective, and therefore, the Court will grant Babelito's motion to dismiss under Rule 12(b)(5).[4]

## III. ORDER

For the reasons stated, it is hereby

**ORDERED** that the motion [Docket No. 10] of defendant Babelito, S.A. ("Babelito"), to dismiss this case is granted, and the case is dismissed without prejudice. The Clerk of Court is directed to enter judgment on Babelito's behalf.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

---

4. Babelito also argues that asserting personal jurisdiction over Babelito would violate New York's long-arm statute and also violate the

Constitution's Due Process Clause. The Court need not address that issue.