Odessa **CREDLE–BROWN**, Plaintiff,

v.

State of **CONNECTICUT**, Department of Children and Families, Darlene Dunbar, Renee Hoff, Marc Hambrecht, Christine Kaatz, Heather Panciera, Wanda Estrella and Lynn Paton, Defendants.

No. 3:04–cv–1167 (WWE).

United States District Court, D. Connecticut.

Oct. 29, 2007.

Alexander Lumelsky, Lumelsky & Mogilevich, LLP, Farmington, CT, for Plaintiff.

Tammy D. Geathers, Attorney General's Office, Employment Rights, Hartford, CT, for Defendants.

## RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION OF JUDGMENT ON THE PLEADINGS

WARREN W. EGINTON, Senior District Judge.

Defendants have moved for reconsideration of the Court's ruling of August 20, 2007 [Doc. # 69], granting in part and denying in

part defendants' motion for judgment on the pleadings. Defendants have moved for reconsideration of the Court's ruling regarding count three of the complaint only: plaintiff's claims of retaliation under 42 U.S.C. § 1983 against the employee defendants in their individual capacities. The Court did not dismiss this claim.

■ Defendants argue that the Court lacked personal jurisdiction and that plaintiff's § 1983 claim cannot stand. Plaintiff asserts that defendants waived this defense and that the Court did have jurisdiction over defendants. Accordingly, plaintiff claims that the Court's allowance of suit pursuant to § 1983 was proper. The Court agrees with plaintiff and adheres to its earlier ruling that defendants have waived the defense of the lack of personal jurisdiction.

It is undisputed that defendants did not raise the defense of the lack of personal jurisdiction in their first response to plaintiff's complaint. Instead, defendants first asserted this defense in their response to plaintiff's second amended complaint,[1] which was filed on January 30, 2006. Defendants' answer was not filed until September 18, 2006.[2]

Defendants now argue that insufficient service upon defendants in their individual capacities precludes plaintiff from asserting claims against them as such and that this Court's finding that the individuals could be sued for retaliation pursuant to § 1983 must be reversed. This argument was not set forth in defendants' motion for judgment on the pleadings and should be dismissed as untimely. *Newbro v. Freed,* 2007 WL 642941, *2 (2d Cir.) ("Because they raised it for the first time on reconsideration, the court properly refused to consider the Freeds' argument...."). *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.,* 265 F.3d 97, 115 (2d Cir.2001) (noting that arguments raised for the first time on a motion for reconsideration may be rejected as untimely). Defendants now argue that they were unaware of plaintiff's claims against them in their individual capacities until the time plaintiff filed her second amended complaint. The Court finds this argument disingenuous. Defendants referred to claims against them in their individual capacities in their December 8, 2004 brief in support of their Motion for More Definite Statement [Doc. # 6, filed on December 9, 2004] ("plaintiff has alleged a hodge podge of legal theories and named multiple defendants, in their individual capacities...."). Counsel for defendants filed her appearance for defendants in their individual capacities on December 22, 2004. However, in their Motion to Dismiss dated September 1, 2005 [Doc. # 26], defendants made no reference to personal jurisdiction.

■ As stated in its earlier ruling, this Court held that the lack of personal jurisdiction is deemed waived if not raised in either defendants' answer to the complaint or in a motion to dismiss. *Luv N' Care, Ltd.,* 306 F.Supp.2d at 472. *See* Fed.R.Civ.P. 12(g) and (h). A response to an amended complaint is not sufficient to override a party's earlier waiver. The Second Circuit has determined that "the Rule 12 defenses of lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service, if waived by defendant's failure to

---

1. The complaint at issue is plaintiff's second amended complaint. Her first amended complaint was filed on August 2, 2005 [Doc. # 23]. Her second amended complaint was filed on January 30, 2006 [Doc. # 38], but was not docketed as the "second amended complaint."

2. In its ruling, this Court noted that the excessive delay in defendants' filing of their answer was in contravention of Fed. R. Civ. P 15(a), which provides that a response to an amended pleading shall be pled "within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Defendants' almost eight-month delay in filing its response to plaintiff's amended complaint would be sufficient grounds to hold that defendants waived their defense. *Luv N' Care, Ltd. v. Babelito, S.A.,* 306 F.Supp.2d 468, 472–73 (S.D.N.Y.2004) ("Courts in this district have held that such motions must be raised in a reasonably timely fashion or be deemed waived."). Considering the circumstances of this case, defendants' motion was not made in a reasonably timely fashion and their defense should be considered waived on this basis. As stated in this Court's earlier ruling and as the subject of the instant motion for reconsideration, defendants' defense is deficient on other grounds as well.

raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended the complaint." *Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108, 112 (2d Cir. 1987). Defendants' untimely assertion of insufficiency of service does not override their waiver of personal jurisdiction.

The Court GRANTS defendants' Motion for Reconsideration [Doc. # 73]. In accordance with the foregoing reasons, the Court adheres to its prior ruling.