Harry A. WEIGAND

v.

LONG TRANSPORTATION COMPANY,
Inc.

C. Howard HARRY, Jr.

v.

LONG TRANSPORTATION COMPANY,
Inc.

Alvin W. ENDERS

v.

LONG TRANSPORTATION COMPANY,
Inc.

Civ. A. Nos. 27517, 27515, 27516.

United States District Court
E. D. Pennsylvania.
May 27, 1960.

B. Nathaniel Richter, Richter, Lord & Levy, Philadelphia, Pa., for plaintiffs.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

James F. Young, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for third party defendant.

GRIM, District Judge.

The three plaintiffs, passengers in an automobile, were injured in a collision between it and defendant's truck. Basing jurisdiction on diversity of citizenship, each plaintiff brought a separate action for his injuries.

Each complaint was filed January 6, 1960. In each case defendant's counsel entered his appearance January 26, 1960, and filed an answer February 2, 1960. In addition to averring defenses on the merits, each answer averred the defenses of lack of jurisdictional amount

and improper service. On February 4, 1960, each plaintiff ordered his case on the trial list. On February 18, 1960, defendant filed a motion to consolidate the three cases and the motion was granted the day it was filed.

On March 2, 1960, defendant filed the motion now before the court, to dismiss on the ground that venue is not proper, citing 28 U.S.C.A. § 1391(a):

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Defendant is a Michigan corporation. Two of the plaintiffs reside in this district. The third plaintiff, Enders, resides in Florida. These facts were crystal-clear from the complaint. Clearly this district is not " * * * the judicial district where all plaintiffs or all defendants reside."

Under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the defense of improper venue may be raised in the answer or by motion. Rule 12(b) provides, " * * * A motion making any of these defenses shall be made before pleading * * *." Rule 12(h) provides, "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided [i. e. before pleading, under Rule 12 (b)] or, if he has made no motion, in his answer * * *."

By failing to present the defense of improper venue in its answers or by motions filed before them, defendant has·waived that defense.[1] Prior to the consolidation, moreover, that defense was available only in the suit by plaintiff Enders, because neither party to his action resides here. It would be highly inequitable to permit defendant, at whose instance the three cases were consolidated, to seize upon the consolidation as a lever for dismissing all the actions upon a ground which would not have been valid against two of them.[2]

While defendant might have had Enders' action dismissed for improper venue, the fact that it must now defend against all three plaintiffs is no hardship since only one accident is involved.

Defendant's motion to dismiss for improper venue will be refused.

---

1. The venue statute " * * * merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election," Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 1939, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167.

2. The motion to dismiss here might be treated as a motion to file an amended answer. A motion to file an amended answer would be refused because justice does not require it. Rule 15(a) provides: "Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."