**Harold GRANGER and John Dean**

v.

**KEMM, INC. and Continental Transportation Lines.**

**Civ. A. No. 38027.**

United States District Court
E. D. Pennsylvania.

Feb. 2, 1966.

Nicholas Kozay, Jr., Philadelphia, Pa., for plaintiffs.

Harry F. Brennan, LaBrum & Doak, Philadelphia, Pa., for Continental Transportation Lines.

Perry S. Bechtle, John G. Veith, Philadelphia, Pa., for Kemm, Inc.

Howard R. Detweiler, Philadelphia, Pa., for U. S. Electrical Motors, Inc. and Harold Granger.

DAVIS, District Judge.

The plaintiffs, citizens and residents of Connecticut, have instituted this diversity action against the defendants for damages sustained in an automobile collision on the Pennsylvania turnpike in Cumberland County, in the Middle District of Pennsylvania. The defendant, Continental Transportation Lines, is a corporation authorized to do business in the City and County of Philadelphia in the Eastern District of Pennsylvania while the defendant Kemm, Inc. is a corporation organized under the laws of Ohio. There is no averment in any of the pleadings that Kemm does business or is licensed to do business in the Eastern District of Pennsylvania.

The defendant Kemm, Inc. has moved to dismiss the action as to it because of a lack of proper venue.

Under 28 U.S.C. § 1391(a) & (f), a diversity action must be brought "only in the judicial district where all the plaintiffs or all defendants reside", or if the suit involves an automobile collision, "in the judicial district wherein the act or omission complained of occurred". Under 28 U.S.C. § 1391(c), the residence of a corporation for venue purposes is the district where "it is incorporated or licensed to do business or is doing business."

Applying this statute to the case at bar, it is evident that this action must be brought in the District of Connecticut where the plaintiffs reside or in the Middle District of Pennsylvania where the collision occurred. It cannot be instituted in the Eastern District of this Commonwealth because neither all the plaintiffs nor all the defendants reside or do business here and the accident did not happen within its borders.

However, the records of this court indicate that while the complaint was filed on June 11, 1965, the defendant's motion to dismiss for lack of venue was not filed until August 6, 1965. With certain exceptions not relevant here, Rule 12(h) of the Federal Rules of Civil Procedure provides that "[a] party waives all defenses and objections which he does not present either by motion * * * or if he has made no motion, in his answer or reply." The answer under Rule 12(a) is required within 20 days after service of the complaint and unless the objection to venue is made either in the answer or by motion within this 20 day period, the objection to venue is waived. The defendant's motion was not filed with the Clerk of this Court for some 55 days after service of the complaint so that we must conclude that the defendant Kemm, Inc. has waived its right to object to venue. Nelson et al. v. Victory Electric Works, Inc., 210 F.Supp. 954, 957 (D.Md.1962); Weigand v. Long Transportation Co., 25 F.R.D. 496 (E.D.Pa.1960); 1A Barron & Holtzoff, Federal Practice & Procedure § 370; 2 Moore, Federal Practice § 12.23.

At the oral argument and in its brief the defendant for the first time has made a half hearted attempt to object to the sufficiency of service of process. It is enough to state that here again the

defendant has failed to raise the issue by motion or answer within the requisite 20 days and to consolidate it with the motion attacking venue as required by Rule 12. See also 1A Barron & Holtzoff, supra § 370; 2 Moore, supra, § 12.23.

### ORDER

And now, this 2nd day of February 1966, it is hereby Ordered and Decreed that the motion of the defendant Kemm, Inc. to dismiss the action as to it for lack of venue be denied.