## No. 25647

The Town of Grand Lake, a Colorado Incorporated Town, Vernon E. Kimble, Mayor of the Town of Grand Lake, Manuel Garber, former Mayor of the Town of Grand Lake, John R. Hahn, former Mayor of the Town of Grand Lake, Beret Wheatley, Robert Wall, Billie J. Thompson, George A. Hood, Buford W. Lawson, and Don Negri, Trustees of the Town of Grand Lake, Leo Woods, Clyde Eslice, Richard L. Schliep, William Lossaso and Chet Farrar former Trustees of the Town of Grand Lake v. The District Court in and for the City and County of Denver, and the Honorable Judge Mitchel B. Johns, one of the Judges thereof

(504 P.2d 666)

Decided December 26, 1972.

Robert Gordon, for petitioners.

George J. Cerrone, Jr., for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding seeking to prohibit the district court in Denver and one of the judges thereof from proceeding to trial in an action in which the court denied a motion for change of venue. We issued an order to show cause, and after examining the response find the rule was improvidently granted.

The action filed in Denver involves a claim for damages against the Town of Grand Lake and the members of the town council. The complaint alleges the Town and the city officials unlawfully leased public property of the Town of Grand Lake and unlawfully conspired and agreed to deprive plaintiff, Mountain Amusement Corporation, of profits and to assist plaintiff's competitor.

■■■ Service of the summons and complaint was made in Grand Lake on September 4, 1971, on all defendants except three. Defendant Negri was served on September 13, the only one served in Denver. Two of the defendants, Gary and Freddie Glick, the alleged lessees of the property, were never served. The Town of Grand Lake filed a motion for change of venue on the basis of C.R.C.P. 98(b)(2) on September 30, 1971 — six days after the time permitted under C.R.C.P. 98(e)(1). Defendant Negri filed a motion for change of venue on October 6, 1971 — three days late. All other defendants failed to file motions for change of venue, but attempted to join in and consent to the granting of the motion filed by Town of Grand Lake at a hearing in March of 1972. The court denied the request for the change. The ruling was correct. By failing to file their motions for change of venue within 20 days after service of the summons and complaint as required by the rule, and not having obtained enlargement of

274

the time from the court, the right to file over objection is lost. *Fisher v. First National Bank of Omaha,* 338 F. Supp. 525; *Granger v. Kemm, Inc.,* 250 F. Supp. 644; *Nelson v. Victory Electric Works, Inc.,* 210 F. Supp. 954.

Petitioners present herein a second matter for consideration concerning the motion for change of judge. This also was denied. The allegations for change show no ground for disqualifying the judge.

The rule is discharged.