PUBLISH

# UNITED STATES COURT OF APPEALS

**Filed 5/9/96**

## TENTH CIRCUIT

———————————————

| | | |
|---|---|---|
| ALVIN STJERNHOLM; ELSIE STJERNHOLM, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 95-1197 |
| | ) | |
| BARBARA PETERSON, DOROTHY BAN, | ) | |
| DEBBIE J. BROWN, individually and in their | ) | |
| official capacities; CECIL CLARK; BILL CLARK; | ) | |
| BILL SMITH; CLARK A. SMITH; PAUL SMITH; | ) | |
| ANN D. SMITH; CLARK AND ANN SMITH | ) | |
| ESTATE AND AUCTION COMPANY, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

———————————————

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OFCOLORADO
### (D.C. No. 94-S-1065)

———————————————

Submitted on the briefs.[*]

Alvin Stjernholm and Elsie Stjernholm, Denver, Colorado, pro se.

Loretta C. Argrett, Assistant Attorney General, Ann B. Durney and Roger E. Cole, Department of Justice, Washington, D.C.; Henry Lawrence Solano, United States Attorney, of counsel, Denver, Colorado, for Defendants-Appellees Barbara Peterson, Dorothy Ban, and Debbie J. Brown.

Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, and Clark and Ann Smith Estate and Auction Company, Cheyenne, Wyoming, pro se.

———————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

**BRORBY**, Circuit Judge.

_____

Plaintiffs Alvin and Elsie Stjernholm brought this action against three Internal Revenue Service agents, Barbara Peterson, Dorothy Ban, and Debbie Brown (referred to collectively as "the federal defendants"), Clark and Ann Smith Estate and Auction Company (hereafter "Smith Estate and Auction"), and six of Smith Estate and Auction's employees, Cecil Clark, Bill Clark, Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, alleging violations of the Fourth and Fifth Amendments, as well as state law, arising out of the Internal Revenue Service's seizure and sale of certain personal property belonging to the Stjernholms to satisfy a tax lien. The Stjernholms' primary contention is that the defendants conspired to sell their personal property "below fair market value to punish the Plaintiffs" and actually "caused property of the Plaintiffs[] to be sold far below its true value."

The clerk of the district court entered a notice of default against Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, and Smith Estate and Auction. Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, and Smith Estate and Auction later filed a motion to set aside the entry of default and a "response" to the Stjernholms' complaint. The district court granted the motion to set aside the entry of default and treated the "response" as a formal answer to the Stjernholms' complaint. In the same order, the district court, *sua sponte*, ordered the Stjernholms to show cause why the case should not be transferred to the United States District Court for the District of Wyoming, on the ground venue was improper in the United States District Court for the District of Colorado. After receiving

2

the Stjernholms' response to the order to show cause, the district court concluded venue was improper and dismissed plaintiffs' action. This appeal followed.

The Stjernholms contend it was error for the district court to raise the issue of venue *sua sponte* and dismiss their claims against Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, and Smith Estate and Auction.[1] The Stjernholms are correct, at least in part. A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed. R. Civ. P. 12(b)(3). Fed. R. Civ. P. 12(h)(1). However, at any time *before* the defendants waive the defense of improper venue, "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue." *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988). The district court may do so by ordering the plaintiff to show cause why the case should not be dismissed or transfered on the ground venue is improper, provided the district court gives all parties adequate notice and an opportunity to respond. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). This procedure gives the plaintiff an opportunity to contest the dismissal or transfer and allows the defendant the opportunity to prevent dismissal or transfer by waiving venue. *Id.*

---

[1] The Stjernholms raise two other issues on appeal, neither of which have merit. First, they contend the district court erred when it dismissed their claims against the federal defendants pursuant to Fed. R. Civ. P. 12(b)(6). Our unpublished decision in their related appeal is dispositive. *Stjernholm v. Peterson*, No. 95-1435. They also contend the district court erred when it granted the motion to set aside the entry of default. *See* Fed. R. Civ. P. 55(c) (district court may set aside entry of default for good cause). We find no abuse of discretion. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) ("Setting aside a default entry or default judgment is addressed to the sound discretion of the trial court, and they are given 'a great deal of latitude' in exercising their discretion.") (footnote omitted)).

3

In this case, however, the district court did not raise the defense of improper venue before Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, and Smith Estate and Auction waived that issue. In the same order in which it directed the Stjernholms to show cause why their case should not be transferred or dismissed for improper venue, the district court accepted these defendants' "response" as their formal answer to the complaint. The defendants' response did not raise the defense of improper venue in their response, nor did the defendants seek to file an amended answer thereafter. *See* Fed. R. Civ. P. 12(h)(1) (venue not waived if raised "in a responsive pleading *or an amendment thereof permitted by [Fed. R. Civ. P.] 15(a) to be made as a matter of course*") (emphasis added). Accordingly, in a single ruling, the district court *both* confirmed these defendants' waiver of the defense of improper venue, Fed. R. Civ. P. 12(h), *and* directed the Stjernholms to show cause why their case should not be transferred or dismissed for improper venue. In light of the defendants' waiver, it was error for the district court to order the Stjernholms to show cause, and it was also error for the district court to dismiss the Stjernholms' action against Bill Smith, Clark A. Smith, Paul Smith, Ann D. Smith, and Smith Estate and Auction for improper venue some six months later.

**REVERSED AND REMANDED.**