Carolin **BRELAND**,

v.

**ATC VANCOM, INC.**

**No. CIV.A.02–4401.**

United States District Court, E.D. Pennsylvania.

Dec. 4, 2002.

Jonathan F. Bloom, Stradley, Ronon, Stevens & Young LLP, Philadelphia, PA, James N. Foster, Jr., Gregory A. Shoemaker, McMahon, Berger, Hanna, Linihan, Cody & MCCA, St. Louis, MO, for defendant.

Sharon Gilbert Timm, Law Offices of Sharon Gilbert Timm, Doylestown, PA, for plaintiff.

O'NEILL, District Judge.

### MEMORANDUM

Plaintiff Carolin Breland filed this pro se [1] Title VII employment discrimination action against defendant ATC Vancom, Inc. on July 2, 2002. On July 16, 2002 a summons was issued and plaintiff mailed it and the complaint to ATC Vancom in Addison, TX. A postal return receipt demonstrates that the summons and complaint were received by defendant on August 5, 2002. Defendant responded by filing the present motion on September 6, 2002, eleven days beyond the twenty days allotted by Federal Rule of Civil Procedure 12(a)(1)(A) for response. Plaintiff never filed a motion for default judgment.

Presently, defendant moves to dismiss this case for, *inter alia,* improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative to transfer the case to the Northern District of Georgia, Atlanta Division. Plaintiff contends that because defendant's response was untimely I must deny the motion. I disagree, and conclude that the case will be transferred because venue in this District is improper.

Defendant is an Illinois corporation headquartered in Oakbrook, Illinois. ATC Vancom of Georgia, L.P. is a limited partnership apparently controlled by ATC Vancom, Inc. and operates bus transportation routes for Cobb Community Transit in and around Cobb County, Georgia. Plaintiff began working for defendant in Cobb County, Georgia on July 1, 2000, and was terminated on February 21, 2001. Plaintiff subsequently moved to the Philadelphia area and filed a complaint with the Equal Employment Opportunity Commission in November of 2001, alleging race and age discrimination. Thereafter, the EEOC transferred the complaint to the EEOC's Atlanta district office for further processing. Plaintiff never worked for defendant while living in Pennsylvania. In addition, it is undisputed that all pertinent employment records are maintained in Georgia.

Title 42 U.S.C. § 2000e–5(f)(3) provides that Title VII claims "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.... " In the present case, the alleged discrimination occurred in Cobb County, Georgia. Georgia is where plaintiff worked and would have remained working, but for the alleged discriminatory discharge. Moreover all pertinent employment records are maintained in Georgia. Therefore, the proper venue for the action is Georgia.

Improper venue may, however, be waived by defendant: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b). The Court of Appeals has recognized that the right to defend suit in the appropriate venue is conferred for the personal benefit of defendant and may be waived by defendant. *See Davis v. Smith,* 253 F.2d 286, 288 (3d Cir. 1958).

Plaintiff asserts that defendant waived its right to object to improper venue by filing its response to the complaint eleven days late. *See* Fed.R.Civ.P. 12(a)(1)(A) (requiring defendant to serve an answer 20 days after being served with summons and complaint); Fed.R.Civ.P. 12(h)(1) (noting that objection to improper venue is waived if not appropriately asserted). Although the Court of Ap-

---

**1.** Plaintiff currently is represented by counsel.

peals for the Third Circuit[2] does not appear to have addressed this issue, at least one court in the Eastern District of Pennsylvania has concluded that a defendant waives his right to object to improper venue when he fails to answer the complaint in a timely fashion. *See Granger v. Kemm, Inc.*, 250 F.Supp. 644, 645–46 (E.D.Pa.1966) (Davis, J.) (concluding that motion filed 55 days after service of complaint constituted waiver).

In the present case, however, I conclude that defendant did not waive its objection to improper venue. Although the rule of law applied in *Granger* has the positive effect of compelling early assertion of 12(b)(3) motions, it is premised on an overly strict interpretation of Rule 12(a) and Rule 12(h)(1). *See* 5A Charles Alan Wright & Arthur R Miller, Federal Practice and Procedure § 1391 (2d ed. 1990). Rule 12(a) only addresses when the pleading must be served and is silent on the question of waiver. *Id.* Rule 12(h)(1) does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading. *Id.* Rather, it mandates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served. *Id.*

Moreover, the recent trend among district courts within the Third Circuit demonstrates a shift away from the restrictive interpretation employed by the *Granger* Court. *See Gordon v. Strictland*, No. Civ. A. 93–3875, 1993 WL 386765, *2 n. 3 (E.D.Pa. Sept.24, 1993) (VanArtsdalen, J.) ("[U]nless a plaintiff has made a motion for default, a defendant's motion to dismiss for improper venue after the 20 day period is timely if the defendant has not yet responded."); *Reliable Tire Distributors, Inc. v. Kelly Springfield Tire Co.*, 623 F.Supp. 153, 155 (E.D.Pa.1985) (Shapiro, J.) ("Rule 12(h)(1) does not require the assertion of the defenses of lack of personal jurisdiction or improper venue within the time provided in Rule 12(a) but provides that these defenses will be waived if neither made by motion nor included in a responsive pleading."); *see also Lagana v. Kmart Corp.*, No. Civ. A. 97–5911, 1998 WL 372347, *3 (E.D.Pa. June 19, 1998) (Gawthrop, J.) (deciding to consider defendant's 12(b)(6) motion despite untimely filing); *Kampf v. Heinecke*, Civ. A. No. 94–6452, 1995 WL 262526, *1 (E.D.Pa. April 28, 1995) (McGlynn, J.) (concluding that defendants' late objection for improper venue was timely, where plaintiff failed to move for default judgment);[3] *Elias v. Energy Reduction Sys., Inc.*, No. Civ. A. 92–4971, 1993 WL 55932, at *3 (E.D.Pa. Mar.2, 1993) (holding that under a 12(b)(2) motion "tardiness does not constitute a waiver so long as defendant's first response raises the issue"); *Foss v. Klapka*, 95 F.R.D. 521, 523 (E.D.Pa.1982) (Broderick, J.) ("Rule 12(h)(1) does not state that waiver will be found to exist if the defendant's motion to dismiss is untimely.").

District courts have the power to dismiss or transfer cases when a plaintiff files in an improper venue. Title 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because venue is not proper in this District and it appears transfer would be in the interest of justice, I will transfer this action to the Northern District of Georgia, Atlanta Division.

---

2. However, the Court of Appeals for the Ninth Circuit has determined that a defendant may assert a 12(b) motion at any time before the responsive pleading is filed, regardless of the 20 day time period expressed in Rule 12(a). *See Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir.1988); *Bechtel v. Liberty National Bank*, 534 F.2d 1335, 1340–41 (9th Cir.1976).

Plaintiff contends the Court of Appeals for the Tenth Circuit has held that failure to assert a 12(b) motion within the 20–day time limit constitutes a waiver. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir.1996). The *Stjernholm* Court's decision, however, is distinguishable from the present case because there a default had been entered against defendant before the 12(b) motion was filed. *See id.* at 348.

3. The *Kampf* Court also recognized that "When a party fails to answer or otherwise plead within 20 days of service of the complaint, the court has discretion to allow an untimely response in the absence of a motion for default judgment." *Kampf*, 1995 WL 262526, at *1.