**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES RALPH DAWSON, JR.,

      Plaintiff-Appellant,

v.

ROBERT TAYLOR; RONALD
CARTER; DEBBIE OUTEN;
RICHARD MISCHIARA; JOHN
BOWKER,

      Defendants-Appellees.

No. 04-1183
(D.C. No. 99-M-148 (BNB))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Ralph Dawson, Jr., appeals the dismissal of his civil rights action, with prejudice, for lack of exhaustion. We reverse to allow the district court to examine the status of Mr. Dawson's claims in light of this court's decision in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), which was issued after the district court rendered its decision in this matter.

In *Ross*, we held that mixed complaints–complaints that include both exhausted and unexhausted claims–should be dismissed *without* prejudice. *Id.* at 1190. We also held that a grievance adjudicated on the merits, even if untimely, could satisfy the exhaustion requirement. *Id.* at 1186. And we held that, under some circumstances, an inmate need not complete every stage of the grievance process in order for administrative remedies to be considered exhausted. *Id.* at 1187.

Our review of the record on appeal indicates that at least one of Mr. Dawson's claims (the November 13, 1998 transfer) may have been timely grieved. Supp. Docs. A1, A2, A3; Tr. at 6; *see also* Aplee. Br. at 5. Thus, it appears that Mr. Dawson may have properly exhausted his remedies with regard to this issue. In addition, in light of *Ross*, there may be questions whether certain other claims were properly exhausted. [1] Given these potential issues, we feel that

---

[1] The record indicates that Mr. Dawson's formal grievance of his major issue (whether defendants were deliberately indifferent to his welfare when they celled

(continued...)

Mr. Dawson's arguments regarding exhaustion will benefit from further exploration at the district court level.

Once the district court has determined which, if any, claims are properly exhausted, it should proceed accordingly. If all of Mr. Dawson's claims are fully exhausted, then the district court can proceed to the merits. If the district court remains convinced that some or all of Mr. Dawson's claims are unexhausted, an appropriate remedy is dismissal of the entire complaint without prejudice. *Ross*, 365 F.3d at 1190. Or if it finds that the complaint is a mixed complaint, the district court may give Mr. Dawson an opportunity to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims. *Cf. Rose v. Lundy*, 455 U.S. 509, 510 (1982) (applying similar remedy in habeas case). [2]

Defendants-Appellees' motion to supplement the record is GRANTED. Mr. Dawson's motion to proceed on appeal in forma pauperis is GRANTED, and he is reminded that he is obligated to continue making partial payments until the

---

[1](...continued)
him with his former victim) was likely filed untimely. One question, though, is whether the prison accepted it and adjudicated it on the merits, even though it was untimely. If so, Mr. Dawson would be deemed to have properly exhausted his remedies. *See Ross*, 365 F.3d at 1186. Also, Mr. Dawson suggests that, with regard to some of his issues, he received relief through the informal grievance process, so that he did not need to pursue the grievance process any further in order to exhaust his administrative remedies. *See id.* at 1187.

[2] Of course, the district court may also rely on 42 U.S.C. § 1997e(c)(2), which allows dismissal on the merits without exhaustion in some circumstances, if appropriate.

entire appellate filing fee has been paid. The judgment of the district court is REVERSED and REMANDED for further proceedings. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge
