**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MILISA J. POLASKI,

      Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
TRANSPORTATION,

      Defendant-Appellee.

No. 05-1401
(D.C. No. 04-WM-9 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge**, O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

Plaintiff-appellant Milisa J. Polaski, appearing pro se, appeals from the

district court's dismissal of her suit asserting a claim under 42 U.S.C. § 1983

against the Colorado Department of Transportation (CDOT). We have

jurisdiction under 28 U.S.C. § 1291.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant alleged in her complaint that she was injured on January 3, 2002, when she slipped on an icy stairway leading to the public restrooms at the Vail Pass Rest Area off Interstate 70 in Colorado. CDOT did not timely answer the summons and complaint, and appellant filed a "Motion to Enter Default Judgment." The district court construed appellant's motion as requesting the entry of default, and granted it. CDOT moved under Fed. R. Civ. P. 55(c) to set aside the default based on good cause, arguing that appellant failed to personally serve CDOT, as required by law. CDOT also moved under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. The district court granted CDOT's motion to set aside the default and referred CDOT's motion to dismiss to the magistrate judge.

The magistrate judge recommended that the complaint be dismissed because appellant failed to allege that CDOT personally participated in the alleged dangerous condition at the rest area and because CDOT is entitled to Eleventh Amendment immunity from suit. The magistrate judge further recommended that it would be futile to allow appellant an opportunity to amend her complaint because her claim was for gross negligence, which is not cognizable under § 1983. The district court adopted the magistrate judge's recommendation and dismissed the case with prejudice.

Appellant argues on appeal that: (1) the district court abused its discretion by refusing to enter judgment by default; and (2) the district court improperly dismissed the suit for lack of subject matter jurisdiction.

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." We review the district court's decision to grant CDOT's motion to set aside the entry of default for abuse of discretion. See Stjernholm v. Peterson, 83 F.3d 347, 349 n.1 (10th Cir. 1996). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). Default judgments are disfavored by courts. Katszon Bros., Inc. v. United States EPA, 839 F.2d 1396, 1399 (10th Cir. 1988). Appellant does not assert that she personally served the complaint on CDOT. Further, a lack of subject matter jurisdiction constitutes good cause for setting aside an entry of default. See Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202-03 (10th Cir.1986) (per curiam). We hold that the district court did not abuse its discretion in setting aside the entry of default.

We review de novo a dismissal for lack of jurisdiction. Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006). Because appellant cannot overcome CDOT's Eleventh Amendment immunity or show that a claim for gross negligence is

cognizable under § 1983, we affirm the dismissal of her suit. We note, however, that a dismissal for lack of subject matter jurisdiction must be <u>without</u> prejudice. <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1218 (10th Cir. 2006). "[I]t is our responsibility to correct an action by the district court that exceeds its jurisdiction." <u>Id.</u> Therefore, we vacate and remand for this limited purpose: for the district court to modify its Order on Recommendation of Magistrate Judge to reflect that its dismissal is without prejudice, and to enter a judgment to that effect.

CDOT's motion to dismiss the appeal as untimely is denied. <u>See</u> Fed. R. Civ. P. 58(b)(2)(B). We AFFIRM the district court's dismissal and VACATE only the court's reference to the dismissal being <u>with prejudice</u>. We REMAND only for the district court to amend its order and to enter a judgment to dismiss the suit <u>without prejudice</u>.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge

-4-