FILED
United States Court of Appeals
Tenth Circuit

March 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES RALPH DAWSON, JR.,

      Plaintiff - Appellant,

v.

RONALD CARTER and RICHARD
MISCHIARA,

      Defendants - Appellees.

No. 09-1402

(D. Colorado)

(D.C. No. 99-CV-00148-RPM-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

After several false starts detailed more fully below, the 42 U.S.C. § 1983

action filed by plaintiff/appellant James Ralph Dawson, Jr., a prisoner, finally

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

proceeded to a jury trial. The jury found for the defendants/appellees, Limon Correctional Facility employees Robert Taylor, Ronald Carter, Debbie Outen, Richard Mischiara, and John Bowker. Mr. Dawson, proceeding *pro se*, appeals several district court rulings relating to defendants Carter and Mischiara issued in connection with the adverse jury determination. We affirm.

## BACKGROUND

During the time period of July through December 1998 (the time relevant to this action), Mr. Dawson was incarcerated in the Limon Correctional Facility. He filed his original 42 U.S.C. § 1983 action in 1999, claiming that the defendants retaliated against him for exercising his First Amendment rights to petition the government for redress of grievances and acted with deliberate indifference towards his safety and well being, in violation of the Eighth and Fourteenth Amendments. Finally, on April 26, 2004, the district court dismissed all of Mr. Dawson's claims and issued its judgment on April 27, 2004, on the ground that Mr. Dawson's complaint contained a mixture of exhausted and unexhausted claims. This dismissal concerned Mr. Dawson's third amended complaint.

Mr. Dawson appealed, and this court reversed and remanded, directing the court to consider the third amended complaint in light of Ross v. County of Bernallilo, 365 F.3d 1181 (10th Cir. 2004), which had been issued during the course of the appeal. In particular, we observed as follows:

In Ross, we held that mixed complaints—complaints that include both exhausted and unexhausted claims—should be dismissed *without* prejudice. We also held that a grievance adjudicated on the merits, even if untimely, could satisfy the exhaustion requirement. And we held that, under some circumstances, an inmate need not complete every stage of the grievance process in order for administrative remedies to be considered exhausted.

Dawson v. Taylor, 128 Fed. Appx. 677, 678 (10th Cir. 2005) (unpublished) (citing Ross, 365 F.3d at 1186-87, 1190). Thus, we directed the district court to explore more fully Mr. Dawson's complaint, with its mixture of exhausted and unexhausted claims, and apply the mandate of Ross. We accordingly instructed the district court as follows:

Once the district court has determined which, if any, claims are properly exhausted, it should proceed accordingly. If all of Mr. Dawson's claims are fully exhausted, then the district court can proceed to the merits. If the district court remains convinced that some or all of Mr. Dawson's claims are unexhausted, an appropriate remedy is dismissal of the entire complaint without prejudice. Or if it finds that the complaint is a mixed complaint, the district court may give Mr. Dawson an opportunity to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims.

Id. at 678-79 (citing Ross, 365 F.3d at 1190).

Following this remand, the defendants filed another motion to dismiss the third amended complaint. The district court agreed that the third amended complaint should be dismissed, but it gave Mr. Dawson the opportunity to file yet another amended complaint. Mr. Dawson filed a fourth amended complaint on December 20, 2005. Thereafter, on November 15, 2006, the district court entered an order for Mr. Dawson to show cause why the civil action should not be

dismissed for failure to prosecute. Rather than showing cause, Mr. Dawson filed a motion for default judgment on December 6, 2006. On December 14, 2006, the defendants filed a motion to dismiss the fourth amended complaint. Also on December 14, 2006, the Clerk of the district court entered a default as to defendants Carter and Mischiara, pursuant to Fed. R. Civ. P. 55(a), for failure to defend. In response to the defendants' motion to dismiss, Mr. Dawson filed a document requesting the court to enter a default judgment against the defendants, and to deny the defendants' motion to dismiss the fourth amended complaint.

On June 7, 2007, the district court ordered the Clerk to strike the entry of default that had been entered on December 14, 2006. It also denied Mr. Dawson's request for a default judgment, and it denied the defendants' motion to dismiss. Thus, the case finally proceeded to a trial before a jury on August 25-28, 2009, which resulted in a jury verdict in favor of the defendants. This appeal, naming two of those defendants, followed.

Mr. Dawson argues on appeal that: (1) the district court committed plain error by not following the Tenth Circuit's remand order; (2) both the district court and this court abused their discretion "in not granting the Appellant a free transcript for this appeal"; and (3) the district court abused its discretion by "striking the Entry of Default Judgment against the Defendants without a hearing to show good cause." Appellant's Op. Br. at 3, 3VI and 3IX.

## DISCUSSION

### I. Plain Error:

While it is somewhat difficult to discern Mr. Dawson's exact arguments, he generally claims that the district court ignored our decision on remand in <u>Dawson</u>, "dismiss[ed] Defendants Bowker and Outen, dismissed the entire complaint," and then "ordered the Plaintiff's court appointed attorney to amend the complaint to state a claim and cause of action that did not exist [and] was never grieved." Appellant's Op. Br. at 2, 3. By invoking the "plain error" standard, Mr. Dawson essentially concedes that he did not raise this issue below. As the defendants argue, that is problematic. The "general rule [is] that we do not address arguments presented for the first time on appeal." <u>United States v. Mora</u>, 293 F.3d 1213, 1216 (10th Cir. 2002) (citing <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 299 n.8 (10th Cir. 1994)); <u>see also</u> <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). In any event, were we to address Mr. Dawson's argument, we would find that the district court faithfully followed our instructions on remand. Accordingly, we find no error in the district court's decision following our remand.

**II. Denial of Free Transcript Request:**

Next, Mr. Dawson argues that both the district court and this court abused their discretion when they both refused his request for a free transcript in order to pursue this appeal. On September 24, 2009, Mr. Dawson filed a prisoner's motion and affidavit for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24. In denying Mr. Dawson's motion, the district court found that, "[p]ursuant to 28 U.S.C. § 1915(a)(3), the court finds that this appeal is not taken in good faith because Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R. Vol. 2 at 134. Thus, the district court denied Mr. Dawson's request to proceed on appeal *in forma pauperis* ("*ifp*").

On October 23, 2009, Mr. Dawson filed a "Motion for Free Transcripts Pursuant to 28 U.S.C. § 1915" with this court, citing the same arguments he had used in the district court. The clerk of our court deferred ruling on the substantive aspects of Mr. Dawson's request, and set forth a payment plan of partial payments to be paid from his prison account.

Section 1915 provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). We agree with the district court that Mr. Dawson's appeal is not taken in good faith and Mr. Dawson is therefore not entitled to proceed *ifp* on appeal. Accordingly, the district court did not abuse its discretion in applying the

standard of § 1915 to deny Mr. Dawson's request to proceed on appeal *ifp*. We, too, deny that request.

### III Abuse of Discretion in Striking Default Entry:

Finally, Mr. Dawson argues that the district court abused its discretion by striking the default entered by the district court clerk without a hearing to show good cause. As indicated above, on December 14, 2006, the defendants filed a motion to dismiss the fourth amended complaint, while the Clerk of the district court entered a default, pursuant to Fed. R. Civ. P. 55(a), against the defendants for failure to defend. The court subsequently ordered the Clerk to strike the entry of default. Mr. Dawson claims that the court abused its discretion in ordering the default struck without conducting a hearing.

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." Id. We review a decision to set aside the entry of default for abuse of discretion. Stjernholm v. Peterson, 83 F.3d 347, 349 n.1 (10th Cir. 1996). There is no requirement that the court conduct a hearing before determining to set aside a default entry. We perceive no abuse of discretion in the district court's decision in this matter.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court. We deny any outstanding motions.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge