NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3886
_____

T. BARRY GRAY,
Individually and As Executor of The Estate of Thelma L. Gray,
Appellant

v.

ANGELA L. MARTINEZ, Individually and In Her Capacity as Director of Office of
Judicial Support of Delaware County; DEBORAH GASTON, Individually and In Her
Capacity as Former Director of Office of Judicial Support of Delaware  County; TCIF
REO CIT LLC; WACHOVIA BANK NAT'L ASSOC, FKA FIRST UNION
NATIONAL BANK; JOSEPH F. MCGINN, Individually and In His Capacity as Sheriff
of Delaware County; SELECT PORTFOLIO SERVICING, INC., FKA FAIRBANKS
CAPITAL CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-08-cv-02603)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 24, 2012)
_____

OPINION
_____

1

PER CURIAM

The pro se appellant, T. Barry Gray, requests review of a series of District Court decisions dismissing his complaint against the appellees. Finding no substantial question to be presented by this appeal, we will summarily affirm.

Gray brought suit in June of 2008, seeking "declaratory and injunctive relief and money damages under 42 U.S.C. § 1983 and the Pennsylvania Unfair Trade Practices and Consumer Protection Law[,] and Pennsylvania Statutes and common law." Compl. ¶ 1, ECF No. 17. He complained that the defendants had all played a part in unlawfully foreclosing on the home of his mother, Thelma L. Gray, by knowingly exploiting certain irregularities in the pertinent mortgage documents and manipulating state-court proceedings. Those defendants were: Angela Martinez and Deborah Gaston, Directors of Delaware County's Office of Judicial Support who were "responsible for the records of the Court of Common Pleas," Compl. ¶¶ 6–7; Joseph McGinn, the sheriff of Delaware County, Compl. ¶ 11; Select Portfolio Servicing (SPS), Compl. ¶ 9; TCIF REO CIT, LLC (TCIF),[1] an alleged affiliate of SPS, Compl. ¶¶ 8, 52; and Wachovia Bank, the successor in interest to the original mortgage and its accompanying note, Compl. ¶¶ 10, 14. Gray alleged that TCIF, SPS, and Wachovia (the "financial defendants") had "deceived" the state courts into entering a default judgment against the Grays, Compl. ¶ 21; that McGinn

2

"scheduled a sheriff's sale . . . based on this excessive judgment," Compl. ¶ 26; and that

Martinez and Gaston entered the incorrect judgment amounts "pursuant to an official

policy entering default judgments in whatever amount is sought by plaintiff, regardless of

whether that amount is supported," Compl. ¶ 29; see also Compl. ¶¶ 31–34. Gray

organized his complaint into four claims, and sought relief that included a "judgment . . .

ordering defendants to return title of Plaintiffs['] home to them as it was entered prior to

the state court judgment." Compl. IX ¶ 4.

Over the course of the litigation, the defendants succeeded in dismissing the

complaint in piecemeal fashion through similar motions under Fed. R. Civ. P. 12(b)(1)

and 12(b)(6). See Orders, ECF Nos. 27, 36 (dismissing claims against SPS, Martinez,

Gaston, and McGinn). The District Court dismissed claims against the final two

defendants, Wachovia and TCIF, as part of a lengthy memorandum that also discussed

the Court's decision to set aside default judgments against those two defendants. See

Gray v. Martinez, No. 08–2603, 2011 WL 4389543, at *2 (E.D. Pa. Sept. 21, 2011).[2]

The Court determined that the complaint was defective under the Rooker-Feldman[3]

doctrine, depriving it of jurisdiction. It also observed that Gray had failed to adequately

---

[1] TCIF's successor, VRF, is the entity participating in the litigation. As our recitation today focuses on the deficiencies of the complaint, which named TCIF, we will use that designation to avoid additional confusion.

[2] TCIF also requested injunctive relief under 28 U.S.C. §§ 1651 and 2283, which does not appear to have been granted. See Memo. of Law 14–17, ECF No. 71-4; Order, ECF No. 80.

plead a claim against the non-state actors.  Id. at *3–4.  This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and conduct plenary review of Rule 12(b)(1) and 12(b)(6) dismissals, as well as of the District Court's jurisdictional determination.  Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430, 436 (3d Cir. 1997).  A decision to set aside a default judgment is reviewed for abuse of discretion. Stjernholm v. Peterson, 83 F.3d 347, 349 n.1 (10th Cir. 1996); O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994); cf. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Fairview Park Excavating Co. v. Al Monzo Constr. Co., 560 F.2d 1122, 1123 n.2 (3d Cir. 1977).

Under the Rooker-Feldman doctrine, a losing state-court party is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994).  "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments"; the

---

[3] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263

second and fourth factors are "the key to determining whether a federal suit presents an independent, non-barred claim." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations, quotations, and alterations omitted). We have recently emphasized the narrowness of the doctrine, distinguishing between injuries caused by the state-court judgment and those brought about by the defendants' actions. See id. at 167–68. In so doing, we have "recognized that caution is now appropriate in relying on our [prior] formulation of the Rooker-Feldman doctrine, which focused on whether the state and federal suits were 'inextricably intertwined.'" Id. at 169 (internal quotations, citations omitted).

According to the record, a default judgment in the state foreclosure action was entered in 2002; shortly thereafter, the Grays attempted to strike the default judgment, but were denied relief. A 2003 appeal was unsuccessful. First Union Nat'l Bank v. Gray, 841 A.2d 582 (Pa. Super. Ct. 2003) (table). As part of its motion to dismiss, TCIF enclosed a recent copy of the state-court docket, showing that the proceedings continued for long after the 2003 appeal. However, there is no indication that the default judgment was ever overturned or otherwise nullified. While the state proceedings may have still been ongoing when Gray commenced this federal civil suit—the state docket appears to reflect activity through mid-2009—we are satisfied that the default judgment suffices for the purposes of Rooker-Feldman.

---

U.S. 413 (1923).

5

Having reviewed the record, and liberally interpreting Gray's pleadings, <u>see</u> <u>Moore v. Coats Co.</u>, 270 F.2d 410, 411 (3d Cir. 1959), we conclude that the <u>Rooker</u>-<u>Feldman</u> doctrine bars suit against Gaston and McGinn. For these defendants, the injury directly flows from the state-court judgment; Gaston allegedly entered the judgment (indeed, that is the only conduct about which Gray complains), while McGinn brought about its outcome. To find the defendants' conduct unlawful would require us to *directly* review the validity of the state-court judgment, which <u>Rooker</u>-<u>Feldman</u> is intended to prevent.

With regard to Martinez, Gray's only charge is that she "continues the policies utilized by defendants Gaston and McGinn as set forth in this action." It is unclear whether Gray intends to allege that Martinez was directly involved in entering the complained-of state-court judgment. If she was, then the claims against her are barred by <u>Rooker</u>-<u>Feldman</u> as explained above. If she was not, and if Gray alleges only that she continues to enter orders in accordance with a policy to which Gray objects, the claims against her are jurisdictionally defective for lack of Article III standing, as Gray does not explain how Martinez was involved in any non-speculative injury to him. <u>See</u> <u>Nat'l Org.</u> <u>for Women v. Scheidler</u>, 510 U.S. 249, 255 (1994) (Article III standing is jurisdictional); <u>Danvers Motor Co. v. Ford Motor Co.</u>, 432 F.3d 286, 290–91 (3d Cir. 2005) (explaining requirements for Article III standing).

Gray appears to allege that the financial defendants committed fraud by their

6

actions in commencing and executing the foreclosure action; that they, in other words, misrepresented various values to the state courts, acted in a deceptive manner, and otherwise deceived the tribunal, causing him injury. Part of the harm allegedly occurred before the default judgment, a question of timing that we have identified as a "useful guidepost" in thinking about Rooker-Feldman. See Great W., 615 F.3d at 167. Gray further alleges additional malfeasance in appraising the property and in connection with the sheriff's sale. All told, while the question is close, we cannot conclude that Gray's claims against the financial defendants would require us to directly review the state-court decision. As such, Rooker-Feldman does not present a bar to jurisdiction.[4]

However, we hold further that Gray has failed to state a claim against the remaining defendants on which relief could be granted. To the extent that he attempts to proceed via 42 U.S.C. § 1983, he has not shown that the financial defendants "acted under color of state or territorial law." Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). His 42 U.S.C.

---

[4] In finding otherwise, the District Court observed: "Whether the movants had the legal right to foreclose on the mortgage loan has been determined in state court and cannot be reconsidered by a federal court." Gray, 2011 WL 4389543, at *4. However, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (citing GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)). Were the financial defendants to have engaged in fraud, collusion, or other malfeasance in securing foreclosure, Rooker-Feldman would not prevent the exercise of jurisdiction simply because relief would cast doubt on the state-court judgment.

§ 1985 claim fails because, inter alia, his conspiracy allegations are merely conclusory. Cf. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Finally, while Gray invoked violations of state common law and/or state consumer-protection statutes, his complaint fails to actually plead those violations, aside from their inclusion in its preamble and in reference to Gaston and McGinn, whom we have already excluded from liability. See Compl. ¶ 45.

In sum, we determine that the complaint was partially barred by Rooker-Feldman, and partially defective for failure to state a claim on which relief could be granted. These defects go to the heart of the action, and we are satisfied that amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Finally, we detect no abuse of discretion in setting aside the default judgments against selected defendants. We will therefore summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Appellees' outstanding motions for summary action are denied as unnecessary.[5]

---

[5] We must address two arguments raised in the motion for summary affirmance filed by Martinez, Gaston, and McGinn. First, those appellees claim that Gray's notice of appeal is untimely as to the specific order dismissing them from the case. But that order was not a "final" order that would give us jurisdiction. 28 U.S.C. § 1291; Catlin v. United States, 324 U.S. 229, 233 (1945). Second, they argue that Gray's notice of appeal "is for the September 21, 2011 Order only and not the January 24, 2011 Order relative to" them. It has been our longstanding practice to construe a pro se notice of appeal liberally so as to include prior orders and judgments that substantially relate to the specific order being appealed. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000).