**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANTHONY AARON SCOTT,

    Plaintiff - Appellant,

v.

STATE OF TEXAS; DALLAS COUNTY;
DANIELLE UHER; UNKNOWN
OTHERS; THOMAS D'AMORE,

    Defendants - Appellees.

No. 24-5124
(D.C. No. 4:24-CV-00426-CVE-CDL)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Anthony Scott appeals from an order of the district court dismissing his complaint without prejudice for lack of venue. He also seeks leave to proceed on appeal in forma pauperis ("IFP"). This court grants Scott's request to proceed IFP. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the order of the district court.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Scott asserts the district court erred in sua sponte dismissing his complaint for lack of venue. If this court were to focus on the form of the district court's order while simultaneously ignoring its substance, Scott's assertion of error would appear to have some merit. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (setting out procedures district courts must follow before raising the issue of venue sua sponte); *see also* Dist. Ct. Order at 2 (dismissing Scott's complaint sua sponte for lack of venue without complying with the procedure set out in *Stjernholm* and noting Scott's IFP motion was moot). In substance, however, the district court's order is entirely consistent with the procedure set out by this court in *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006). *Trujillo* holds that as part of the screening process set out in the statutory IFP provision, 28 U.S.C. § 1915(e), district courts can consider the issue of venue sua sponte. *See* 465 F.3d at 1216-17. Pending before the district court at the time of its dismissal order was a request from Scott to proceed IFP. And, importantly, the district court's legal analysis of venue was entirely consistent with the approach set out in *Trujillo*. Because, in substance, the approach set out in the district court's order is consistent with *Trujillo*, this court concludes the district court did not err in taking up the issue of venue sua sponte.

As to the merits, this court has little to add to the district court's analysis. Even on appeal, Scott fails to allege venue is proper in the Northern District of Oklahoma under the provisions of 28 U.S.C. § 1391. Instead, he points to inapposite and inaccurate history involving the federal government. The United States is not, however, a defendant in Scott's complaint. Furthermore, although Scott suggests his

2

complaint embraces a claim under the Americans with Disabilities Act ("ADA"), he does not assert that the special employment-discrimination-based venue provisions of the ADA apply to the claims set out in his complaint. *See* 42 U.S.C. § 12117(a) (incorporating the Title VII venue provisions set out at 42 U.S.C. § 2000e-5(f)(3)). And, in any event, Scott does not assert venue is proper in Oklahoma under the provisions of § 12117(a). Finally, the district court did not abuse its discretion in refusing to transfer Scott's complaint to another district where venue is proper. *See* 28 U.S.C. §§ 1406(a), 1631; *Trujillo*, 465 F.3d at 1222-23. The district court reasonably concluded the allegations in Scott's complaint were so sparse that it was impossible to identify a federal district where venue would be proper.[1]

For those reasons set out above, the order of the United States District Court for the Northern District of Oklahoma is hereby **AFFIRMED**.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[1] To the extent Scott's appellate brief can be read to assert the district court judge should have recused sua sponte under the provisions of 28 U.S.C. §455(a), the issue is forfeited because it was not raised below and waived because Scott does not argue on appeal for an entitlement to relief under the plain error standard. *Burke v. Regalado*, 935 F.3d 960, 1049 n.78 (10th Cir. 2019). Accordingly, this court does not consider the matter further.